ELECTRONICALLY FILED - 2021 Mar 24 5:06 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001359

**STATE OF SOUTH CAROLINA**

**COUNTY OF RICHLAND**

Charlene Owens Carter,

        Plaintiff,

   v.

Outback Steakhouse of Florida, LLC, d/b/a
Outback Steakhouse, and Bloomin' Brands,
Inc.,

        Defendants,

**IN THE COURT OF COMMON PLEAS**

C. A. No.

**SUMMONS**

**(Jury Trial Demanded)**

TO THE DEFENDANTS ABOVE-NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy
of which is herewith served upon you, and to serve a copy of your answer to this complaint upon
the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive
of the day of such service, and if you fail to answer the complaint, judgment by default will be
rendered against you for the relief demanded in the complaint.

 **Hammack Law Firm**

Dated: **March 24, 2021**

S/Jamie Ackermann

_____

Paul E. Hammack
SC Bar No. 68501
paul@hammacklawfirm.com
Jamie Ackermann
SC Bar No. 72427
jamie@hammacklawfirm.com
Hammack Law Firm
223 W. Stone Avenue
Greenville, SC 29609
Office: 864-326-3333
Fax: 864-991-3911
Attorneys for Plaintiff

EXHIBIT
B

ELECTRONICALLY FILED - 2021 Mar 24 5:06 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001359

**STATE OF SOUTH CAROLINA**

**COUNTY OF RICHLAND**

Charlene Owens Carter,

               Plaintiff,

      v.

Outback Steakhouse of Florida, LLC, d/b/a
Outback Steakhouse, and Bloomin' Brands,
Inc.

              Defendants,

**IN THE COURT OF COMMON PLEAS**

C. A. No.

**COMPLAINT**

**(Jury Trial Demanded)**

The Plaintiff, above-named, complaining of the Defendants herein, alleges as follows:

## PARTIES

1.    Plaintiff is a citizen and resident of the County of Laurens, State of South Carolina.

2.    On information and belief, Defendant Outback Steakhouse of Florida, LLC, d/b/a Outback Steakhouse ("Outback") is a corporation organized and existing under the laws of the State of Florida, and is registered to do business with the South Carolina Secretary of State and regularly transacts business in Richland County, South Carolina.

3.    On information and belief, Defendant Bloomin' Brands, Inc., is a corporation organized and existing under the laws of the State of Florida, and regularly transacts business in Richland County, South Carolina.

## JURISDICTION AND VENUE

4.    At all times relevant hereto, the events upon which this suit is based occurred in Richland County, State of South Carolina.

5.    This Court has jurisdiction over these matters based upon Article V of the South Carolina Constitution, S.C. Code Ann. §§ 36-2-802 and 36-2-803 (Law. Co-op. 1976) and its plenary powers and venue is proper in Richland County.

## FOR A FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence/Negligence *Per Se*)

6.    That on or about April 14, 2018, Plaintiff was a customer at the Outback Steakhouse restaurant located at 7611 Two Notch Road in Columbia, South Carolina, 29223 (the "Restaurant") for the purpose of dining.

ELECTRONICALLY FILED - 2021 Mar 24 5:06 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001359

7.     On information and belief, Defendants own and operate the Restaurant.

8.     After entering the Outback Restaurant, a hostess working for Defendants greeted Plaintiff and instructed Plaintiff to follow her to a table for seating.

9.     As Plaintiff was following the hostess, Plaintiff slipped and fell in a puddle of liquid on the floor (the "subject area") that appeared to be water, causing Plaintiff to injure her knee and ankle.

10.     At the time of the incident, there was no signs, cones or other devices warning customers such as Plaintiff of a hazardous condition in the subject area.

11.     Defendants had ownership, maintenance or control over the subject area at the time of Plaintiff's fall.

12.     Defendants owed Plaintiff a duty to construct, inspect and maintain the subject area in a reasonable manner to avoid or prevent injuries and damage to pedestrians, invitees, licensees, and guests, such as Plaintiff, who use the subject area.

13.     The condition of the subject area at the time of the fall rendered it unsafe and out of compliance with applicable codes, regulations, standards and ordinances, and created a hidden and dangerous condition for customers such as Plaintiff.

14.     Defendants knew or should have known of the existence of the hidden and dangerous conditions where Plaintiff fell, and Defendants failed to warn Plaintiff of the conditions or make safe the conditions.

15.     At all times pertinent herein, Defendants, through their agents or employees, owed a duty to pedestrians, invitees, licensees, guests and residents of the county, to maintain the subject area in a manner so as not to negligently, grossly negligently, recklessly, or wantonly cause injury or damages.

16.     At the time the Plaintiff was injured, Plaintiff was authorized to be on the subject premises and was exercising all due care, using the property for its intended purpose.

17.     Defendants, through their agents or employees, breached the duties owed to the Plaintiff in a negligent, negligence per se, reckless, wanton, and/or willful manner at the time and place above mentioned in one or more of the following particular ways:

    a.  Failing and neglecting to properly instruct their employees or agents in the proper care and maintenance of the subject area;

    b.  Failing and neglecting to properly supervise their employees or agents in the proper care and maintenance of the subject area;

    c.  Failing and neglecting to inspect the subject area for the existence of a hazardous

ELECTRONICALLY FILED - 2021 Mar 24 5:06 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001359

condition;

d.   Failing and neglecting to remedy the hazardous condition in the subject area in a timely manner;

e.   Failing and neglecting to adequately warn of the existence of the hazardous condition in the subject area;

f.   Failing and neglecting to install a proper floor surface that would provide a safe walkway in the subject area;

g.   Failing to exercise that degree of care and caution that a reasonably prudent entity would have used under the circumstances prevailing; and

h.   For such other and further particulars as may be shown through discovery and trial;

any or all of which were the direct and proximate cause of the injuries and damages suffered by the Plaintiff herein, said acts being in violation of the common and statutory laws of the State of South Carolina.

18.     As a direct and proximate result of the Defendants' negligence, careless, grossly negligent, negligent per se, reckless, and/or wanton conduct, as stated herein, the Plaintiff, has suffered, and will continue to suffer in the future, injuries to Plaintiff's person; emotional stress; mental anguish; and anxiety, all to Plaintiff's actual and consequential damages in an amount to be determined by the trier of fact.   In addition, and as the proximate result of Defendant's aforementioned conduct and negligent acts and/or omissions, Plaintiff did necessarily suffer and incur, substantial expenses for medicine, medical services, care, and treatment to treat Plaintiff's injuries, in addition to lost wages, all to Plaintiff's actual damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff is informed and believes that she is entitled to judgment against the Defendants for actual and punitive damages, for the costs of this action, for pre-judgment interest, and for such other and further relief as the Court may deem just and proper. Plaintiff demands a jury trial on all issues.

Respectfully submitted,



Hammack Law Firm

Dated: **March 24, 2021**

S/Jamie Ackermann

Paul E. Hammack
SC Bar No. 68501
paul@hammacklawfirm.com

ELECTRONICALLY FILED - 2021 Mar 24 5:06 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001359

Jamie Ackermann
SC Bar No. 72427
jamie@hammacklawfirm.com
Hammack Law Firm
223 W. Stone Avenue
Greenville, SC  29609
Office: 864-326-3333
Fax: 864-991-3911
Attorneys for Plaintiff